**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MADELINE GREEN, et al., : | CIVIL ACTION NO. 10-707 (MLC) |
| Plaintiffs, : | **MEMORANDUM OPINION** |
| v. : |  |
| GARY LOCKE, SECRETARY OF : UNITED STATES DEPARTMENT : OF COMMERCE, et al., : |  |
| Defendants. : |  |

**COOPER, District Judge**

Plaintiff Madeline Green ("Green"), owner of in rem plaintiff commercial fishing vessels F/V The Gipper and F/V Provider III (collectively with Green, "plaintiffs"), formerly held limited access tilefish permits. Plaintiffs brought this putative class action on behalf of others similarly situated against the Secretary of the United States Department of Commerce ("Secretary"), the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS" and, collectively, "defendants"). (Dkt. entry no. 1, Compl.) Plaintiffs challenge a final rule issued by the NMFS on behalf of the Secretary, Amendment 1 to the Tilefish Fishery Management Plan, 74 Fed. Reg. 42,580 (Aug. 24, 2009) (codified at 50 C.F.R. pt. 648, subpt. N) ("Amendment 1"). (Id. at ¶ 2.) Plaintiffs allege that Amendment 1 violates the Fifth Amendment to the United States Constitution; the Administrative

Procedures Act ("APA"), 5 U.S.C. § 701 et seq.; and the Magnuson-Stevens Fishery Conservation and Management Reauthorization Act of 2006 ("Magnuson-Stevens Act"), 16 U.S.C. § 1801 et seq.

Defendants now move to dismiss the Complaint for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry no. 10, Mot. Dismiss.) The Court decides the motion on the papers without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the motion.

## BACKGROUND

### I. Magnuson-Stevens Act

The Magnuson-Stevens Act delegates authority to the NMFS and the Secretary to manage and conserve coastal fisheries. (Dkt. entry no. 10, Defs. Br. at 2.) The Magnuson-Stevens Act created eight Regional Fishery Management Councils ("Councils"), which prepare fishery management plans ("FMP") or FMP amendments and recommend implementing regulations for each fishery under their authority. See 16 U.S.C. §§ 1852, 1854.

Councils transmit the FMPs or amendments and proposed regulations to the Secretary for review. See id. § 1854. After a public comment period, the Secretary, if appropriate, approves the FMP or amendment. See id. The Secretary publishes proposed regulations in the Federal Register, and, after a public comment period, promulgates final regulations. See id. § 1854(b). FMPs,

amendments, and rules implementing the same must balance the needs of the fishery users against conservation goals, consistent with ten national standards listed in the Magnuson-Stevens Act. See id. § 1851(a).

## II. Amendment 1 to the Tilefish FMP

The Mid-Atlantic Fishery Management Council ("MAFMC" or "Council") has responsibility for recommending management measures for the tilefish fishery ("fishery") and developing the Tilefish FMP.  See 66 Fed. Reg. 17,673 (Apr. 3, 2001).  The final regulations implementing the Tilefish FMP became effective on November 1, 2001.  66 Fed. Reg. 49,136 (Sept. 26, 2001).  The Tilefish FMP comprised regulations intended to rebuild the tilefish stock, including

> (1) A stock rebuilding strategy; (2) a limited entry program; (3) tiered commercial quota allocations or total allowable landings (TAL) for limited access and open access permit categories; (4) a prohibition on the use of gear other than longline gear for limited access tilefish vessels; (5) permit and reporting requirements for commercial vessels, operators, and dealers; and (6) an annual specification and framework adjustment process.

66 Fed. Reg. 49,136 (Sept. 26, 2001).

Following a public comment period ending February 11, 2008, the Council adopted Amendment 1 to the Tilefish FMP on April 10, 2008.  74 Fed. Reg. 42,580.  Amendment 1 encompasses measures "intended to achieve the management objectives of the [Tilefish] FMP," including the implementation of an Individual Fishing Quota

3

("IFQ") program.  Id.; see also id. at 42,581 (listing management measures developed in Amendment 1).  The Notice of Availability for Amendment 1 was published on May 4, 2009, with a comment period ending on July 6, 2009.  Id.; 74 Fed. Reg. 20,448.  A proposed rule for Amendment 1 was published on May 18, 2009, advising that public comments would be accepted until June 2, 2009.  74 Fed. Reg. 23,147.  The final rule, in which the Secretary formally adopted Amendment 1, was approved on August 24, 2009, with an effective date of November 1, 2009.  74 Fed. Reg. 42,580.

The IFQ program measures were "intended to reduce overcapacity in the commercial fishery, and to eliminate, to the extent possible, problems associated with a derby-style fishery." 74 Fed. Reg. 42,581.  Thus, Amendment 1 requires that a vessel owner must obtain a valid tilefish IFQ Allocation permit to possess or land tilefish in excess of an incidental catch of 300 pounds per trip.  Id.  Two main criteria are required of an applicant for a tilefish IFQ allocation permit.  First, the applicant must own "a vessel with a fishing history indicating that the vessel was issued a valid tilefish limited access permit for the 2005 permit year."  Id.  Second, the applicant's vessel's fishing history must have average landings from the 2001-2005 period constituting at least 0.5 percent of the landings for the category of permit the vessel had.  Id. at 42,582.  Under

Amendment 1, unsuccessful applicants for an IFQ allocation permit may appeal to the NMFS Northeast Regional Administrator on the grounds that the information used in denying the permit was incorrect, specifically, "the accuracy of the amount of landings, and the correct assignment of landings to the permit holder." Id.

Plaintiffs take issue with Amendment 1's provision that landings data will be based on "NMFS dealer data" for the year 2001 and "NMFS Interactive Voice Response" data for the years 2002-2005. Id. (See Compl. at ¶¶ 35-36.) Plaintiffs complain that Defendants adopted Amendment 1 despite knowing that the computer system compiling landings data "contains catch history errors," and thus Defendants have not advised former limited access tilefish permit holders of "'unknown' catch landings they are entitled [to] under Amendment 1." (Compl. at ¶¶ 38-39.) Plaintiffs allege that errors in the dealer datasets were known to Defendants, yet they decided to utilize them in determining eligibility for the IFQ allocation permits under Amendment 1.

**III. Plaintiffs' Causes of Action**

The Complaint alleges six counts. Count 1 alleges that Amendment 1 violates the Due Process Clause of the Fifth Amendment because errors in dealer datasets rendered Plaintiffs ineligible for an IFQ allocation permit. (Compl. at ¶¶ 42-47.) Count 2 seeks just compensation under the Due Process Clause of

the Fifth Amendment on the basis that Amendment 1 deprives Plaintiffs of their alleged property interest in their prior fishing permits.  (Compl. at ¶¶ 48-52.)  Count 3 asserts that Amendment 1 violates National Standard 2 of the Magnuson-Stevens Act, 16 U.S.C. § 1851(a)(2), because it is not based on "the best scientific information available."  (Compl. at ¶¶ 53-57.)  Count 4 alleges that Amendment 1 violates National Standard 4 of the Magnuson-Stevens Act,  16 U.S.C. § 1851(a)(4), because it discriminates against fishermen within the MAFMC vis-a-vis other Councils.  (Compl. at ¶¶ 58-66.)  Count 5 alleges that Amendment 1 violates National Standard 5 of the Magnuson-Stevens Act,  16 U.S.C. § 1851(a)(5), because the purpose of Amendment 1 was to remove Plaintiffs from the fishery so as to reallocate the resource taken from Plaintiffs to other fishermen.  (Compl. at ¶¶ 67-70.)  Count 6 cites the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., alleging that Defendants denied Plaintiffs' access to "actual fishing vessel trip reports" that Plaintiffs wished to utilize in their appeal of the denial of an IFQ permit. (Compl. at ¶¶ 71-81.)

Plaintiffs' "Prayer for Relief" seeks a temporary restraining order and preliminary injunction permitting Plaintiffs to continue fishing for tilefish during the pendency of the matter, a judgment declaring that Amendment 1 violates the Due Process Clause of the Fifth Amendment and certain National

Standards under the Magnuson-Stevens Act, and an award of attorney fees and costs.  (Compl. at 14.)  The Complaint does not appear to seek production of the records referenced in Count 6.[1]

## DISCUSSION

### I.  Applicable Legal Standards

#### A.  Rule 12(b)(1) Standard

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time.  Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id. at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med.

---

[1] Although Count 6 is labeled "Freedom of Information Act," it alleges no facts suggesting improper withholding of documents under FOIA, but states that "[u]nder Amendment 1 the Defendants promulgated a regulation that revoked Plaintiff's fishing permits, but did not use the actual dealer reports to determine eligibility, instead used [sic] a computer database known by Defendants to contain errors."  (Compl. at ¶ 80.)  Thus, it appears that Count 6 constitutes a challenge to Amendment 1 itself as violating Plaintiffs' "procedural and substantive due process" rather than a request for production of agency records "improperly withheld" under FOIA.  5 U.S.C. § 552(a)(4)(B). (Compl. at § 81.)

Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims." Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993). The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438. The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

**B. Sovereign Immunity of the United States**

Under the principle of sovereign immunity, the United States is only subject to suit where it has expressly consented to such suit by statute. See Lane v. Pena, 518 U.S. 187, 192 (1996).

8

The scope of such waiver is to be strictly construed in favor of the sovereign. United States v. Williams, 514 U.S. 527, 531 (1995). A waiver of sovereign immunity is a prerequisite for jurisdiction. In re Univ. Med. Ctr., 973 F.2d 1065, 1085 (3d Cir. 1992). Accordingly, a basis for waiver of sovereign immunity must be pleaded in the complaint. See Fed.R.Civ.P. 8(a)(1) (requiring a "short and plain statement of the grounds for the court's jurisdiction . . .").

The Complaint asserts that the Court has jurisdiction pursuant to 28 U.S.C. §§ 22-1, 1331, 1346, and 2202, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 611(a), 701-706. (Compl. at ¶ 10.)[2] General jurisdictional statutes such as 28 U.S.C. § 1331 do not suffice as a waiver of sovereign immunity. See Oriakhi v. United States, No. 08-3716, 2009 WL 1066109, at *2 (D.N.J. Apr. 20, 2009). The declaratory judgment statutes, 28 U.S.C. §§ 2201-2202, do not grant subject matter jurisdiction to a federal court on a claim against the United States absent some other waiver of sovereign immunity. Ragoni v. United States, 424 F.2d 261, 264 (3d Cir. 1970). The Court finds no waiver based on 28 U.S.C. § 1346 because the Complaint cites no jurisdictional facts supporting a claim against the United

---

[2] The Court presumes Plaintiffs' reference to "28 U.S.C. § 22-1" is a typographical error intended to refer to 28 U.S.C. § 2201.

9

States under either the Little Tucker Act or Federal Tort Claims Act.  28 U.S.C. §§ 1346(a)(2), 1346(b).

The Magnuson-Stevens Act itself provides the applicable waiver of sovereign immunity here.  16 U.S.C. §§ 1855(f), 1861(d).  Although Plaintiffs also cite the APA as a basis for jurisdiction, which waives immunity for federal agencies, the Magnuson-Stevens Act pertains directly to Plaintiffs' causes of action and is narrower than the APA.  Thus, the more specific provisions in the Magnuson-Stevens Act, not the general APA, apply.  See Turtle Island Restoration Network v. Dep't of Commerce, 438 F.3d 937, 947-48 (9th Cir. 2006).

### C. Judicial Review of Administrative Actions Taken Pursuant to the Magnuson-Stevens Act

16 U.S.C. § 1855(f) constitutes a limited waiver of sovereign immunity by providing for judicial review of "actions that are taken by the Secretary under regulations which implement a fishery management plan."  16 U.S.C. § 1855(f)(2); Delta Comm. Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council, 259 F.Supp.2d 511, 515-16 (E.D. La. 2003).  Such actions, which include the adoption of FMP amendments such as Amendment 1, "shall be subject to judicial review . . . if a petition for such review is filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register."  16 U.S.C. § 1855(f)(1).  Thus, "a petition filed within thirty days of the publication of a Secretarial

action . . . may challenge both the action and the regulation under which the Secretarial action is taken." Gulf Fishermen's Ass'n v. Gutierrez, 529 F.3d 1321, 1324 (11th Cir. 2008). This statute of limitations is jurisdictional. See Norbird Fisheries, Inc. v. Nat'l Marine Fisheries Serv., 112 F.3d 414, 416 (9th Cir. 1997) ("[Section] 1855(f)(1) deprives the district court of jurisdiction to hear an attack on the regulations if review is not sought within 30 days. . . .").

## II. Legal Standards Applied Here

Defendants contend that the Complaint is time-barred because Plaintiffs filed this action on February 9, 2010, more than five months after the final rule for Amendment 1 was published in the Federal Register on August 24, 2009. (Defs. Br. at 10.) Plaintiffs respond that the Complaint is timely because the statute of limitations began to run when Plaintiffs received notice of their permit denials on January 19, 2010. (Dkt. entry no. 11, Pls. Br. at 6-8.) We find that the Complaint is barred by the 30-day statute of limitations found in the Magnuson-Stevens Act, 16 U.S.C. § 1855(f).

The final rule adopting Amendment 1 was promulgated on August 24, 2009. See 74 Fed. Reg. 42,580. The fact that "actions" reviewable under 16 U.S.C. § 1855(f)(2) are limited to those "promulgated or . . . published in the Federal Register" defies Plaintiffs' contention that the Complaint is timely

11

because it was filed within 30 days of when Plaintiffs received letters on January 19, 2010, because those permit denial letters are neither "promulgated" nor "published in the Federal Register." Id. (Pls. Br. at 6-9.) Plaintiffs have cited no authority suggesting that denial of a permit pursuant to a FMP amendment can serve as the "action . . . taken by the Secretary under regulations which implement a fishery management plan" to provide a jurisdictional basis for a challenge to a FMP amendment itself under 16 U.S.C. § 1855(f). Cf. Or. Trollers Ass'n v. Gutierrez, 452 F.3d 1104, 1114 (9th Cir. 2006) (finding that complaint filed within thirty days of the publication of 2005 management measures was timely, where complaint challenged both 2005 management measures and 1989 FMP amendment). Thus, because the Complaint was filed on February 9, 2010, more than 30 days after promulgation of the final rule adopting Amendment 1, we find that Plaintiffs' challenge to Amendment 1 is untimely.

In the alternative, Plaintiffs contend that 16 U.S.C. § 1855(f)(1) does not apply. (Pls. Br. at 2.) Plaintiffs are wrong. "The plain language of § 1855(f)(1) leaves no room for discussion: the thirty-day time limit applies whenever a party challenges regulations promulgated by the Secretary under the [Magnuson Act]." Turtle Island Restoration Network, 438 F.3d at 944 (quotation and citation omitted). The Complaint states at the outset: "Plaintiffs bring this action to challenge a final

rule, which was published in the Federal Register on August 24, 2009 . . . <u>Amendment 1 to the Tilefish Fishery Management Plan</u>." (Compl. at ¶ 2 (emphasis in original).)  The causes of action asserted by Plaintiffs clearly seek judicial review of Amendment 1 itself, even those couched as, <u>e.g.</u>, FOIA or due process claims.  <u>See</u> <u>Turtle Island Restoration Network</u>, 438 F.3d at 945 ("[T]he decisive question is whether the regulations are being attacked, not whether the complaint specifically asserts a violation of the Magnuson Act.").

Plaintiffs contend in their opposition brief that the Complaint seeks judicial review of the appeal process in which Plaintiffs were ultimately denied tilefish permits, but that contention is at odds with the Complaint itself.  As the claims in the Complaint allege that Amendment 1, as promulgated, violates the Constitution and the National Standards enumerated in the Magnuson-Stevens Act, the relevant "action" for purposes of judicial review is the date of publication of the final rule promulgating Amendment 1 in the Federal Register.  16 U.S.C. § 1855(f)(1).

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1) for failure to comply with the applicable statute of limitations.  Plaintiffs may move, pursuant to Local Civil Rule

13

7.1(f), for leave to file an amended pleading in the event they wish to seek judicial review of the permit denials.  If such leave is granted, the Court will deem such amended pleading to relate back to the Complaint.  Fed.R.Civ.P. 15(c)(1)(B).  The Court will issue an appropriate order and judgment separately.


       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: September 7, 2010